SEYFARTH SHAW LLP
Laura Wilson Shelby (SBN 151870)
lshelby@seyfarth.com
Elizabeth M. Levy (SBN 268926)
elevy@seyfarth.com
Lauren Schwartz (SBN 312253)
lschwartz@seyfarth.com
2029 Century Park East, Suite 3500
Los Angeles, California 90067-3021
Telephone:   (310) 277-7200
Facsimile:   (310) 201-5219

Attorneys for Defendant
MICHAEL KORS (USA), INC.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| BARBARA GAYTAN,<br><br>        Plaintiff,<br><br>    v.<br><br>ADECCO USA, INC., a corporation; MICHAEL KORS (USA), INC., a corporation; and DOES 1 through 25, INCLUSIVE,<br><br>        Defendant. | Case No. 2:21-cv-6021<br><br>**DEFENDANT MICHAEL KORS (USA), INC.'S NOTICE OF REMOVAL TO THE UNITED STATES DISTRICT COURT**<br><br>(Los Angeles Superior Court Case No. 21STCV21743)<br><br>Complaint Filed:   June 10, 2021) |

**TO THE UNITED STATES DISTRICT COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA AND TO PLAINTIFF AND HER COUNSEL OF RECORD:**

**PLEASE TAKE NOTICE** that Defendant Michael Kors (USA), Inc. ("Defendant") hereby files this Notice of Removal pursuant to 28 U.S.C. Sections 1332 and 1441(a) and (b), based on diversity of citizenship jurisdiction, in order to effectuate the removal of the above-captioned action from the Superior Court of the State of California, County of Los Angeles, to the United States District Court for the Central District of California and states that removal is proper for the following reasons:

## I.   BACKGROUND

1. On **June 10, 2021**, Plaintiff BARBARA GAYTAN ("Plaintiff") filed a complaint in the Superior Court of the State of California, County of Los Angeles, entitled "*BARBARA GAYTAN, Plaintiff, v. ADECCO USA, INC., a corporation; MICHAEL KORS (USA), INC., a corporation; and DOES 1 through 25, Inclusive, Defendant*," designated as Case No. 21STCV21743 (the "State Court Action"). The Complaint alleges seven causes of action: (1) Disability Discrimination; (2) Failure to Accommodate; (3) Failure to Engage in the Interactive Process; (4) Retaliation [FEHA]; (5) Failure to Prevent Discrimination; (6) Retaliation [CFRA]; and (7) Wrongful Termination in Violation of Public Policy.

2. On **June 25, 2021**, Defendant was served with the Summons and Complaint. Defendant has attached a true and correct copy of the Summons and Complaint as **Exhibit A** to the concurrently filed Declaration of Lauren Schwartz for the Court's review.

3. On **July 22, 2021**, Defendant filed its Answer to Plaintiff's unverified complaint in the Superior Court of the State of California, County of Los Angeles. Defendant has attached a true and correct copy of the Defendant's Answer as **Exhibit B** to the concurrently filed Declaration of Lauren Schwartz for the Court's review.

4. As discussed in greater detail below, jurisdiction based on diversity of citizenship is proper because Defendant and co-Defendant Adecco Staffing USA, Inc. ("Adecco") are not a citizens of California and the amount in controversy exceeds $75,000.

## II. JOINDER

5. Co-Defendant Adecco has consented to this removal, by and through its attorneys of record, and as such, all defendants join in this removal. *Proctor v. Vishay Intertechnology Inc.,* 584 F.3d 1208, 1225 (9th Cir. 2009) (a notice of removal averring to the consent to removal by a co-defendant and signed by an attorney of record is sufficient to demonstrate joinder).

## III. TIMELINESS OF REMOVAL

6. This Notice of Removal is timely because it is being filed within thirty (30) days of Defendant's receipt of the Summons and Complaint on June 25, 2021, and within one (1) year of the commencement of this action. 28 U.S.C. § 1446(b).

## IV. PROCEEDINGS IN STATE COURT

7. Attached as Exhibits A and B to the Declaration of Lauren Schwartz are all of the pleadings in the state court's record that have been served on Defendant, filed by any party, or retrieved from the state court's records prior to the filing of this Notice of Removal. (Declaration of Lauren Schwartz ("Schwartz Decl."), ¶ 5.)

## V. JURISDICTION BASED ON DIVERSITY OF CITIZENSHIP

8. The Court has original jurisdiction of this action under 28 U.S.C. Section 1332(a)(1). As set forth below, this action is removable pursuant to the provisions of 28 U.S.C. section 1441(a) as the amount in controversy is in excess of $75,000, exclusive of interest and costs, and is between citizens of different states.

### A. Plaintiff is a Citizen of California

9. Plaintiff is, and at all times since the commencement of this action has been, a resident and citizen of the State of California. The Complaint alleges: "Plaintiff BARBARA GAYTAN [] is, and at all times material hereto was[,] an individual residing

in the County of Los Angeles, State of California." (Schwartz Decl., Exhibit A, Complaint ¶ 3.)

10. For diversity purposes, a person is a "citizen" of the state in which he or she is domiciled. *Kantor v. Wellesley Galleries, Ltd.*, 704 F.2d 1088, 1090 (9th Cir. 1983). A person's domicile is the place he or she resides with the intent to remain indefinitely. *Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001). Residence is *prima facie* evidence of domicile. *State Farm Mut. Auto Ins. Co. v. Dyer*, 19 F.3d 514, 520 (10th Cir. 1994). Citizenship is determined by the individual's domicile at the time that the lawsuit is filed. *Lew v. Moss*, 797 F.2d 747, 750 (9th Cir. 1986); *see also Zavala v. Deutsche Bank Trust Co. Americas*, No. C 13-1040 LB, 2013 WL 3474760, at *3 (N.D. Cal. July 10, 2013) (where a plaintiff's complaint alleges he resides in California, "in the absence of evidence to the contrary, [plaintiff] is a California citizen for diversity purposes.").

11. Accordingly, Plaintiff is a citizen of the State of California.

**B.** **<u>Defendant is Not Citizen of California</u>**

12. Defendant was, and is at the time of the filing of this action, a citizen of a state other than California within the meaning of 28 U.S.C. Section 1332(c)(1). For purposes of diversity jurisdiction, a corporation is deemed a citizen of the state "by which it has been incorporated" and of the state "where it has its principal place of business." 28 U.S.C. § 1332(c)(1).

13. Defendant now, and ever since this action commenced has been, incorporated under the laws of the State of Delaware. (Placencio Decl., ¶ 5) Thus, for purposes of diversity jurisdiction, Defendant is a citizen of Delaware.

14. Further, as shown below, Defendant's principal place of business is, and has been at all times since this action commenced, located in the State of New York. (Placencio Decl., ¶ 4.) Thus, for purposes of diversity jurisdiction, Defendant is also a citizen of New York.

15. The United States Supreme Court held that when determining a corporation's principal place of business for diversity purposes, the appropriate test is the "nerve center" test. *Hertz Corp. v. Friend,* 559 U.S. 77, 80-81, 92-93 (2010). Under the "nerve center" test, the "principal place of business" means the corporate headquarters where a corporation's high level officers direct, control and coordinate its activities on a day-to-day basis. *Id.* ("We conclude that 'principal place of business' is best read as referring to the place where a corporation's officers direct, control, and coordinate the corporation's activities").

16. Under the "nerve center" test, New York emerges as Defendant's principal place of business.

17. Defendant's high level officers direct, control, and coordinate its activities from its corporate headquarters in New York, N.Y. (Placencio Decl. ¶ 4). Defendant's high level corporate officers including its Chief Executive Officer, Chief Operating Officer and General Counsel maintain offices in the New York, N.Y. headquarters. (*Id.*) Defendant also maintains an office at One Meadowlands Plaza, East Rutherford, N.J. (*Id.*) Defendant's executive and administrative functions, including payroll, human resources, corporate finance and accounting, are directed from either the New York, N.Y. corporate headquarters or the East Rutherford, N.J. corporate office. (*Id.*)

18. Therefore, for purposes of diversity of citizenship, Defendant is and has been at all times since this action commenced, a citizen of the State of Delaware and the State of New York. 28 U.S.C. § 1332(c)(1).

**C.    Co-Defendant Adecco is Not Citizen of California**

19. Co-Defendant Adecco is incorporated in the State of Delaware and maintains its principal place of business and company headquarters in Florida. (Schwartz Decl., Exhibit F, Guyton Declaration, ¶ 4)  Florida is where Adecco's high level officers, including its Chief Executive Officer, direct, control and coordinate Adecco's activities. (*Id.*) Adecco's executive operations are managed from this location, including, but not limited to, those operations related to administering company policies and procedures,

legal affairs, and general business operations. (*Id.*) None of Adecco's executive officers reside in the State of California. (*Id.*) Adecco is therefore a citizen of Delaware and Florida for purposes of diversity jurisdiction. 28 U.S.C. § 1332(c)(1). Thus, Adecco is not a citizen of California.

### D. Doe Defendants May Be Disregarded

20. Pursuant to 28 U.S.C. Section 1441(a), "the citizenship of Defendant sued under fictitious names shall be disregarded" for purposes of establishing removal jurisdiction under 28 U.S.C. section 1332. *See also Fristoe v. Reynolds Metals, Co.*, 615 F. 2d 1209, 1213 (9th Cir. 1980) (unnamed Defendant are not required to join in a removal petition). Thus, the existence of Doe Defendants, 1-25, does not deprive this Court of jurisdiction.

### E. Amount In Controversy

21. While Defendant denies any liability as to Plaintiff's claims, the amount in controversy requirement is satisfied because "it is more likely than not" that the amount exceeds the jurisdictional minimum of $75,000. *See Sanchez v. Monumental Life Ins.*, 102 F.3d 398, 403-404 (9th Cir. 1996) ("the defendant must provide evidence establishing that it is 'more likely than not' that the amount in controversy exceeds [the threshold] amount.") (internal citation omitted). As explained by the Ninth Circuit, "the amount-in-controversy inquiry in the removal context is not confined to the face of the complaint." *Valdez v. Allstate Ins. Co.*, 372 F.3d 1115, 1117 (9th Cir. 2004) (finding that the Court may consider facts presented in the removal petition). In determining the amount in controversy, the Court must consider the aggregate of general damages, special damages, punitive damages, and attorneys' fees. *Galt G/S v. JSS Scandinavia*, 142 F. 3d 1150, 1156 (9th Cir. 1998) (claims for statutory attorneys' fees may be included in amount in controversy, regardless of whether such an award is discretionary or mandatory); *see also Bank of Calif. Nat'l Ass'n v. Twin Harbors Lumber Co.*, 465 F.2d 489, 491 (9th Cir. 1972).

22. Here, considered together, the general and special damages sought by Plaintiff, along with the attorneys' fees and punitive damages that might be awarded if Plaintiff prevails, establish by a preponderance of the evidence that the amount in controversy exceeds $75,000.

23. ***Compensatory Damages For Plaintiff's Alleged Lost Income Establish The Amount In Controversy.*** Plaintiff alleges that she has suffered damages "including, but not limited to, past and future loss of income, benefits, and other damages to be proven at time of trial." (Schwartz Decl., Exhibit A, Complaint ¶ 25.)

24. Plaintiff contends that she was making $14.25 per hour when she began her employment with Co-Defendant Adecco on or around February 4, 2019. (*Id.* at ¶ 9). She alleges that she was subjected to "discrimination and adverse employment action when, on December 16, 2019, her employment was terminated for suffering from a disability and having taken medical leave." (*Id.* at ¶ 13).

25. Assuming this matter goes to trial one year after its June 10, 2021 filing and Plaintiff remains unemployed, Plaintiff's alleged lost income would total $73,530.[1] *See Chavez v. JPMorgan Chase & Co.*, 888 F.3d 413, 416-17 (9th Cir. 2018) (alleged lost future wages should be considered when determining the amount in controversy because alleged lost future wages are "at stake" in the litigation).

26. ***The Claims In The Complaint Also Establish The Amount In Controversy.*** Plaintiff's Complaint alleges disability discrimination, failure to accommodate, failure to engage in the interactive process, retaliation (FEHA), failure to prevent discrimination, retaliation (CFRA), and wrongful termination in violation of public policy. Plaintiff claims special damages, including past and future loss of income, general damages, prejudgment and post-judgment interest, costs, attorneys' fees, punitive damages, and expert witness fees. (*See* Schwartz Decl., Exhibit A, Complaint ¶¶ 25-26, 28, 29, 32-33, 35, 42-43, 45-46, 54-55, 57-58, 62-63, 65-66, 80-81, 83-84, 90-93 and prayer for relief, p. 14).

---

[1] $14.25/hour x 40 hours/week = $570/week; $570/week x 129 weeks = $73,530.

27. Should Plaintiff prevail at trial, it is more likely than not that she would recover over $75,000 in damages as there have been, in recent years, several verdicts in disability discrimination cases entered in favor of plaintiffs in California where the awarded damages exceeded $75,000. *See Salinda v. DIRECTV Inc.*, 2013 WL 5944203 (Los Angeles Sup. Ct.) ($1,178,341 awarded to employee for disability discrimination, failure to prevent discrimination/retaliation); *Bisharat v. Los Angeles Unified School District,* 2013 WL 1415554 (Los Angeles Sup. Ct.) ($473,750 jury verdict awarded to employee alleging disability discrimination, failure to prevent discrimination, and constructive discharge); *Izaguirre v. International Coffee & Tea LLC*, 2013 WL 6624243 (Los Angeles Sup. Ct.) ($125,000 awarded to employee alleging disability discrimination, and wrongful termination); *Kivman v. Worldwide Aeros Corp.*, 2013 WL 3340152 (Los Angeles Sup. Ct.) ($486,511 awarded to employee alleging disability discrimination, and wrongful termination); *Jolly v. City of Long Beach*, 2013 WL 3340512 (Los Angeles Sup. Ct.) ($325,000 awarded to employee alleging disability and age discrimination, retaliation, failure to prevent discrimination/harassment, and constructive discharge); *Palma v. Rite Aid Corp.*, 2012 WL 3541952 (L.A. County Sup. Ct.) (award of $3,522,070 to employee who was terminated after taking medical leaves in disability discrimination action); *Sun v. Transit Air Cargo, Inc.*, 2012 WL 933613 (Orange County Sup. Ct.) (award of $175,000 to employee in disability discrimination and violation of California Family Rights Act action); *Dickinson v. Allstate Insurance Company*, 2011 WL 4048838 (Orange County Sup. Ct.) (award of $341,322 to employee in disability discrimination action); *Betson v. Rite Aid Corp.*, 2011 WL 3606913 (L.A. County Sup. Ct.) (award of $500,000 to employee in disability action); *Vanderheiden v. City of Alameda*, 2011 WL 1562075 (Alameda County Sup. Ct.) (award of $680,182 to employee in disability discrimination action); *Landau v. County of Riverside*, 2010 WL 1648442 (C.D. Cal.) (award of $1,033,500 to employee who brought action against employer based disability discrimination); *Dodd v. Haight Brown & Bonesteel LLP*, 2010 WL 4845803 (L.A. County Sup. Ct.) (award of $410,520 to employee wrongfully

terminated based on disability and medical condition); *Ybarra v. Dacor Holding Inc.*, 2010 WL 2404221 (L.A. County Sup. Ct.) (award of $615,236 to employee in disability discrimination and wrongful termination action); *Malone v. Potter*, 2010 WL 330252 (C.D. Cal.) (award of $300,000 to employee in disability discrimination and retaliation action).

28. Plaintiff's allegations that she was discriminated against and discharged because of a disability are similar to the issues in these cases. Defendant has attached these verdicts as **Exhibit C** to the concurrently filed Declaration of Lauren Schwartz for the Court's review.

29. ***Emotional Distress Damages.*** Plaintiff also claims damages for emotional distress. (Schwartz Decl., Exhibit A, Complaint ¶¶ 26, 33, 43, 55, 63, 81, 91.) A review of jury verdicts in California demonstrates that emotional distress awards in discrimination or retaliation cases commonly exceed $75,000. *See Silverman v. Stuart F. Cooper Inc.*, 2013 WL 5820140 (Los Angeles Sup. Ct.) (jury awarded $151,333 for emotional distress damages in discrimination case); *Vasquez v. Los Angeles Cnty. Metro. Transp. Auth.*, 2013 WL 7852947 (Los Angeles Sup. Ct.) (award of $1,250,000 for pain and suffering to employee in disability discrimination action); *Aboulafia v. GACN Inc.*, 2013 WL 8115991 (Los Angeles Sup. Ct.) (pain and suffering award of $250,000, $250,000, $250,000, and $250,267 to four employees in discrimination action); *Betson v. Rite Aid Corp.*, 2011 WL 3606913 (L.A. County Sup. Ct.) (pain and suffering award of $500,000 to employee in disability harassment action); *Vaughn v. CNA Casualty of California*, 2008 WL 4056256 (C.D. Cal.) (award of $300,000 in past and future non-economic loss to employee in disability discrimination action); *Ismen v. Beverly Hospital*, 2008 WL 4056258 (L.A. County Sup. Ct.) (jury award of $113,000 for emotional distress due in a disability discrimination and failure to accommodate action). Plaintiff's allegations that she was discriminated against and discharged because of a disability are similar to the alleged issues in these cases. Defendant has attached these

verdicts as **Exhibit D** to the concurrently filed Declaration of Lauren Schwartz for the Court's review.

30. *Attorneys' Fees And Costs.* Plaintiff also claims that she is entitled to attorneys' fees and costs. (*See* Schwartz Decl., Exhibit A, Complaint, ¶¶ 29, 46, 58, 66, 84, and prayer for relief, p. 14.) Future attorneys' fees are properly considered in calculating the amount-in-controversy for purposes of removal on grounds of diversity jurisdiction. *Fritsch v. Swift Transportation Co. of Arizona, LLC*, 899 F.3d 785, 794 (9th Cir. 2018) (in light of *Chavez*, 888 F.3d 413, a court must include future attorneys' fees recoverable by statute or contract when determining whether the amount in controversy has been met). *See also Galt G/S v. JSS Scandinavia*, 142 F.3d 1150, 1156 (9th Cir. 1998) (claims for statutory attorneys' fees to be included in amount in controversy, regardless of whether such an award is discretionary or mandatory).

31. Under California Government Code section 12965(b), the court in its discretion may award fees and costs to the "prevailing party" in Fair Employment and Housing Act actions. Although the statute provides that the court "may" award fees, cases hold that a prevailing plaintiff is entitled to fees "absent circumstances that would render the award unjust." *Horsford v. Board of Trs. of Cal. State Univ.*, 132 Cal. App. 4th 359, 394 (2005).

32. Courts have also awarded far in excess of $75,000 in attorneys' fees in cases involving disability discrimination. *See, e.g.*, *Crawford v. DIRECTV, Inc.*, 2010 WL 5383296 (Los Angeles County Sup. Ct.) (approving attorneys' fee award of $159,762.50 in alleged disability discrimination and failure to accommodate case); *Denenberg v. Cal. Dep't of Transp.*, 2006 WL 5305734 (San Diego County Sup. Ct.) (attorney's fees award of $490,000 for claims including disability discrimination and failure to accommodate). Defendant have attached these verdicts as **Exhibit E** to the concurrently filed Declaration of Lauren Schwartz for the Court's review.

33. Defendant anticipates depositions being taken in this case and that ultimately Defendant will file a Motion for Summary Judgment. Based on defense counsel's

experience, attorneys' fees in employment discrimination cases often exceed $75,000. In this regard, it is more likely than not that the fees will exceed $75,000 through discovery and a summary judgment hearing, and the fees would certainly exceed $75,000 if the case proceeds to trial. (Schwartz Decl., ¶ 6).

34. ***Punitive Damages.*** Finally, the Court must also consider Plaintiff's request for punitive damages in determining the amount in controversy. *Davenport v. Mutual Benefit Health and Accident Ass'n*, 325 F.2d 785, 787 (9th Cir. 1963) (punitive damages must be taken into account where recoverable under state law); (*see* Schwartz Decl., Exhibit A, Complaint ¶¶ 28, 35, 45, 57, 65, 83, 92, and prayer for relief, p. 14.)

35. Defendant is a large entity. The economic resources of the defendant and the amount of compensatory damages are two of three factors courts consider in arriving at punitive damage awards. *See, e.g., Lane v. Hughes Aircraft Co.*, 22 Cal. 4th 405, 417 (2000). In *State Farm Mut. Auto. Ins. Co. v. Campbell*, 538 U.S. 408, 427-28 (2003), the Court held that: "The wealth of a defendant cannot justify an otherwise unconstitutional punitive damages award …. That does not make its use [in determining the constitutionality of punitive damage awards] unlawful or inappropriate; it simply means that this factor cannot make up for the failure of other factors …." (internal citations omitted). Therefore, the request for punitive damages weighs in favor of establishing the amount in controversy.

36. Courts have affirmed jury verdicts exceeding $1 million in punitive damages in alleged disability discrimination cases. *See, e.g., Roby v. McKesson Corp.*, 47 Cal. 4th 686 (2009) (holding that a punitive damage award of $1.9 million equal to the compensatory damage award was appropriate in disability case).

37. Based upon the allegations contained in Plaintiff's Complaint, Defendant is informed and believes that Plaintiff seeks damages within the jurisdictional authority of this Court. Since diversity of citizenship exists between the parties and the matter in controversy is in excess of $75,000, this Court has original jurisdiction of the action

pursuant to 28 U.S.C. section 1332(a)(1).  This action is therefore a proper one for removal to this Court.

## VI. VENUE

38.     Venue lies in the Central District of California pursuant to 28 U.S.C. §§ 1441(a), 1446(a), and 84(c).  This action originally was brought in the Superior Court of the State of California, County of Los Angeles, which is located within the Central District of the United States District Court for California, and Plaintiff alleges that she was employed by co-Defendant Adecco in Whittier, California, which is located in the County of Los Angeles. (*See* Schwartz Decl., Exhibit A, Complaint ¶ 4)

## VII. NOTICE OF REMOVAL

39.     Pursuant to 28 U.S.C. Section 1446(d), written notice of the filing of this Notice of Removal will be given promptly to Plaintiff and, together with a copy of the Notice of Removal, will be filed with the Clerk of the Superior Court of the State of California, County of Los Angeles, in the State Court Action.

40.     This Notice of Removal will be served on counsel for Plaintiff.  A copy of the Proof of Service regarding the Notice of Removal will be filed shortly after these papers are filed and served.

41.     In compliance with 28 U.S.C. section 1446(a), true and correct copies of all process, pleadings, and orders filed and/or served in this action are attached as Exhibits A and B to the concurrently filed Declaration of Lauren Schwartz.

## VIII. PRAYER FOR REMOVAL

42.     WHEREFORE, Defendant prays that this civil action be removed from the Superior Court of the State of California, County of Los Angeles, to the United States District Court for the Central District of California.

/ / /

/ / /

/ / /

/ / /

| | | |
|---|---|---|
| 1 | DATED: July 26, 2021 | Respectfully submitted, |
| 2 | | SEYFARTH SHAW LLP |

By: */s/ Elizabeth M. Levy*
    Laura Wilson Shelby
    Elizabeth M. Levy
    Lauren Schwartz
    Attorneys for Defendant
    MICHAEL KORS (USA), Inc.